**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL DOCKET NO. 16-32**

**VERSUS**                                                            **SECTION A; MAGISTRATE 1**

**KENDRICK JOHNSON, ET AL.**

**MOTION FOR A BILL OF PARTICULARS**

NOW INTO COURT, comes Kendrick Johnson, who moves the Court, under Federal Rule of Criminal Procedure 7(f), to enter an Order requiring the government to respond to the following request for particulars:

1.     Count 1 of the Superseding Indictment alleges that Kendrick Johnson and the named co-defendants conspired with "each other and other persons known and unknown to the Grand Jury" to commit the offense in that count, i.e., the use of a facility of interstate commerce to commit an offense. With regard to this allegation, please respond to the following:

   a.     Please state who the other persons "known" to the Grand Jury were.

   b.     Please which cellphone or cellphones were allegedly used in the commission of this count.

2.     Count 2 of the Superseding Indictment alleges that Kendrick Johnson and four other codefendants "did knowingly and intentionally use a facility of interstate commerce, that is, one or more cellular telephones, with the intent that the murder of Milton Womack be committed in violation of the laws of the State of Louisiana, as consideration for the receipt of, and as consideration of a promise or agreement to pay anything of pecuniary value . . . ." With regard to this allegation, please respond to the following:

1

a.      Please state which cellphone or cellphones were allegedly used in the commission of this count.

b.      Please state whether the offense charged is for "the receipt of," OR "as consideration of a promise or agreement to pay anything of pecuniary value."

3.      Count 3 of the Superseding Indictment alleges the existence of a conspiracy involving the defendants and "other persons known and unknown to the Grand Jury" to "unlawfully kill Milton Womack.  With regard to this allegation, please respond to the following:

a.      Please state who the other persons "known" to the Grand Jury were.

4.      Count 4 of the superseding indictment alleges that the Kendrick Johnson and the co-defendants "and others" "unlawfully killed and caused to be killed Milton Womack." With regard to this allegation, please respond to the following:

a.      Please state who the "others" were.

5.      Count 3, paragraph 2 of the Superseding Indictment alleges that Kendrick Johnson and the other codefendants conspired to kill Milton Womack "to prevent the communication by Milton Womack" of certain information.   Count 6 of the Superseding Indictment alleges that the codefendants conspired to unlawfully kill Milton Womack "with the intent of retaliating against Milton Womack for providing information to a law enforcement officer . . . ."  With regard to this allegation, please respond to the following:

a.      Please state whether the alleged killing of Milton Womack by the codefendants was for the purpose of *preventing* communication with law enforcement; or for the purpose of *retaliating* after such communication had already occurred.

b.   Please state which law enforcement officer or law enforcement agency Milton Womack was allegedly communicating with at the time of the alleged retaliatory killing.

6.   Count 7 of the Superseding Indictment alleges that Kendrick Johnson and the other codefendants, "and others" unlawfully killed Milton Womack "with the intent of retaliating against Milton Womack for providing information to a law enforcement officer . . . ."  With regard to this allegation, please respond to the following:

a.   Please state who "the others" were.

b.   Please state which law enforcement officer or law enforcement agency Milton Womack was allegedly communicating with at the time of the alleged retaliatory killing.

7.   Count 8 of the Superseding Indictment alleges the existence of a conspiracy involving the defendants and "other persons known and unknown to the Grand Jury" to "knowingly use intimidation, threaten and corruptly persuade another person, with intent to . . . prevent the testimony of any person in an official proceeding . . . ."  With regard to this allegation, please respond to the following:

a.   Please state who the other persons "known" to the Grand Jury were.

b.   Please state who the "[other] person" was.

8.   Count 8 of the Superseding Indictment alleges the existence of a conspiracy involving three of the defendants and "other persons known and unknown to the Grand Jury" to "knowing use intimidation, threaten and corruptly persuade another person, with intent to . . . prevent the testimony of any person in an official proceeding . . . ."  With regard to

the "OVERT ACTS" listed in support of this alleged conspiracy, please respond to the following:

    a.      With regard to overt act 1, please state which defendants provided cash to a potential witness; and to which potential witness.

    b.      With regard to overt act 2, which defendants "told a potential witness that the person could not disclose 'the facts' to law enforcement . . . ."

    c.      With regard to overt act 3, which defendants "did offer a second potential witness financial benefits . . . ;" and who was that second potential witness?

    d.      With regard to overt act 3, which defendants did threaten and intimidate a second potential witness; and who was that second potential witness?

9.      Count 9 of the Superseding Indictment alleges the existence of a conspiracy involving the three of the defendants and "others known to the Grand Jury" to "knowingly, with the intent to retaliate, take action harmful to a witness, for providing to a law enforcement officer of the United States truthful information . . . ."  With regard to the allegations of this count, please respond to the following:

    a.      Who are the "others" known to the Grand Jury?

    b.      Who is the witness against whom the action was to be taken?

10.    Count 9 of the Superseding Indictment alleges the existence of a conspiracy involving the three of the defendants and "others known to the Grand Jury" to "knowingly, with the intent to retaliate, take action harmful to a witness, for providing to a law enforcement officer of the United States truthful information . . . ." With regard to the "OVERT ACTS" listed in support of this alleged conspiracy, please respond to the following:

a.      With regard to overt act 1, please state which defendants "did cause a potential witness to leave the family home;" and which potential witness was this?

b.      With regard to overt act 2, which defendants "refused to allow a potential witness and the person's children to return to the family home . . . ;" and who was the potential witness?

c.      With regard to overt act 3, which defendants "did seek to have criminal charges brought against a witness;" who was the witness; and which law enforcement agency was importuned by these defendants for the filing of criminal charges?

11.     Count 10 of the Superseding Indictment alleges that Kendrick Johnson made certain material false declarations to a Grand Jury, and then lists certain declarations with portions of the declarations underlined.  With regard to these allegedly false declarations, please respond to the following:

a.      Please state why the Government contends that the statement "I have no idea, sir," is a false declaration.

b.      Please state why the Government contends that the statement "No, sir," is a false declaration, in response to the question propounded.

c.      Please state why the Government contends that the next statement of "No, sir," is a false declaration, in response to the question propounded.

d.      Please state why the Government contends that the subsequent statement "No, sir," is a false declaration, in response to the question propounded.

e.      Please state why the Government contends that the statement "No, sir. I mean, no, ma'am.  Sorry.  No sir, I mean, no, ma'am" is a false declaration, in response to the question propounded.

f.      With regard to the above statement (e), please state what knowledge the Government contends that Kendrick Johnson possessed regarding the murder of Milton Womack.

The law in support of these requests is more fully explained in the accompanying memorandum.

WHEREFORE, Kendrick Johnson moves this Honorable Court for an order directing the Government to file a Bill of Particulars responding to the above requests.

Respectfully submitted,

/s/Herbert V. Larson, Jr.
Herbert V. Larson, Jr., 8052
THE LAW OFFICES OF HERBERT V.
    LARSON, JR.
700 Camp Street
New Orleans, Louisiana  70130
(504) 528-9500
hvl@hvllaw.com


Stephen J. Haedicke, 30537
THE LAW OFFICES OF
STEPHEN J.   HAEDICKE
639 Loyola Ave. #1820
New Orleans, Louisiana 70113
(504) 525-1328, ext. 3
stephen@haedickelaw.com


Attorneys for Kendrick Johnson

**CERTIFICATE OF SERVICE**

This certifies that I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system that will send a notice of electronic filing to all counsel of record.

Dated: June 29, 2018.

/s/Herbert V. Larson, Jr.
Herbert V. Larson, Jr.